<u>UNITED STATES DISTRICT COURT</u>
<u>SOUTHERN DISTRICT OF OHIO EASTERN DIVISION</u>

UNITED STATES OF AMERICA

v.

Paul Garrett Ashley

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:05-cr-190

<u>Richard Cline, Esq.</u>
Defendant's Attorney

DATE of ORIGINAL JUDGMENT <u>April 17, 2007</u>
or (Date of Last Amended Judgment)

REASON for AMENDMENT:

 Modification of Restitution Order


**The defendant pleaded guilty to counts of the first superseding Information.**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy | 11/14/2003 | 1 & 3 |
| 18 USC 1030(a)(%)(A)(i) | Fraud and related activity in connection with computers | 02/16/2004 | 2 & 4 |


**The defendant is sentenced as provided in pages 2 through   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.**

**It is further ordered that the defendant shall notify the United States Attorney for this district with 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessment imposed by this judgment are fully paid.**


<u>April 14, 2006</u>
**Date of Imposition of Judgment**

<u>s/James L. Graham</u>
**Signature of Judicial Officer**

<u>JAMES L. GRAHAM, U.S. District Judge</u>
**Name of Judge          Title of Judge**

<u>April 18, 2006</u>
**Date**

DEFENDANT: ASHLEY, Paul Garrett
CASE NUMBER: 2:05-cr-190
Pg 2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **twenty-four (24) months on counts 1, 2, 3 and 4 of the first superseding information to run concurrent.**

[X]   The Court makes the following recommendation to the Bureau of Prisons:

[]   The defendant is remanded to the custody of the United States Marshal.

[X]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. no sooner than June 14, 2006.

[]   The defendant shall surrender to the United States Marshal for this district at _ a.m./p.m. on ___.

## RETURN

I have executed this judgment as follows:

Defendant delivered on_____to_____

_____at_____, with a

certified copy of this judgment.

_____
United States Marshal

By_____
   Deputy US Marshal

DEFENDANT:  GARRETT, Paul Ashley
CASE NUMBER: 2:05-cr-190
Pg. 3

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years on counts 1, 2, 3 and 4 to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance.)

[X]     The defendant shall not possess a firearm, ammunition, destructive device, of any other dangerous weapon.  (Check if applicable)

[X]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court and wity any additional conditions set forth below:

The defendant shall participate in any mental health assessment and treatment as directed by the probation officer.

The defendant shall permit the probation officer access to any requested financial information.

### STANDARD CONDITIONS OF SUPERVISION

1.      THE DEFENDANT SHALL NOT LEAVE THE JUDICIAL DISTRICT WITHOUT THE PERMISSION OF THE COURT OR THE PROBATION  OFFICER;
2.      THE DEFENDANT SHALL REPORT TO THE PROBATION OFFICER AND SHALL  SUBMIT A TRUTHFUL AND COMPLETE WRITTEN REPORT WITHIN THE FIRST  FIVE DAYS OF EACH MONTH;
3.      THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE  PROBATION OFFICER AND FOLLOW THE INSTRUCTIONS OF THE PROBATION  OFFICER;
4.      THE DEFENDANT SHALL SUPPORT HIS OR HER DEPENDENTS AND MEET   OTHER FAMILY RESPONSIBILITIES;
5.      THE DEFENDANT SHALL WORK REGULARLY AT A LAWFUL OCCUPATION   UNLESS EXCUSED BY THE PROBATION OFFICER FOR SCHOOLING,       TRAINING, OR OTHER ACCEPTABLE REASONS;
6.      THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN 72  HOURS OF ANY CHANGE IN RESIDENCE OR EMPLOYMENT;
7.      THE DEFENDANT SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL
8.      THE DEFENDANT SHALL NOT FREQUENT PLACES WHERE CONTROLLED    SUBSTANCES ARE ILLEGALLY SOLD, USED, DISTRIBUTED, OR        ADMINISTERED;
9.      THE DEFENDANT SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN  CRIMINAL ACTIVITY AND SHALL NOT ASSOCIATE WITH ANY PERSON  CONVICTED OF A FELONY UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION OFFICER;
10.     THE DEFENDANT SHALL PERMIT A PROBATION OFFICER TO VISIT HIM OR  HER AT ANY TIME AT HOME OR ELSEWHERE AND SHALL PERMIT   CONFISCATION OF ANY CONTRABAND OBSERVED IN PLAIN VIEW BY THE   PROBATION OFFICER;
11.     THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER WITHIN        SEVENTY-TWO HOURS OF BEING ARRESTED OR QUESTIONED BY A LAW  ENFORCEMENT OFFICER;
12.     THE DEFENDANT SHALL NOT ENTER INTO ANY AGREEMENT TO ACT AS AN  INFORMER OR A SPECIAL AGENT OF A LAW ENFORCEMENT AGENCY  WITHOUT THE PERMISSION OF THE COURT;
13.     AS DIRECTED BY THE PROBATION OFFICER, THE DEFENDANT SHALL  NOTIFY THIRD PARTIES OF RISKS THAT MAY BE OCCASIONED BY THE  DEFENDANT'S CRIMINAL RECORD OR PERSONAL HISTORY OR CHARACTERISTICS, AND SHALL PERMIT THE PROBATION OFFICER TO MAKE SUCH NOTIFICATIONS AND TO CONFIRM THE DEFENDANT'S COMPLIANCE.

DEFENDANT:   ASHLEY, Paul Garrett
CASE NUMBER: 2:05-cr-190
Pg 4

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule
of payments on Sheet 6.

|            | Assessment | Fine | Restitution  |
|------------|------------|------|--------------|
| Totals     | $400.00    | $    | $299,946.00  |

[X]   The defendant must make restitution (including community restitution) to
      the following payees in the amount listed below.

      If the defendant makes a partial payment, each payee shall receive an approximately
proportioned payment, unless specified otherwise in the priority order or percentage payment column
below.  However, pursuant to 18 USC 3664(i), all non-federal victims must be paid before the United
States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Rapid Satellite<br>940 Lincoln Road, #308<br>Miami Beach, Florida 33139<br>Attn: Nick Molina | $ 57,500.00 | $ 57,500.00 | |
| Weaknees<br>3355 S. La Cienega Place<br>Los Angeles, CA. 90016<br>Attn: Jeff Shapiro | $113,307.00 | $113,307.00 | |
| Expert Satellite<br>150 Blackstone River Road, #6<br>Worcester, MA. 01607<br>Attn: Michael Reich | $41,779.00 | $41,779.00 | |
| Speedera Networks, Inc.<br>4800 Great America Parkway<br>Santa Clara, CA. 95054-1227<br>ATTN; Diane Honda, Legal Affairs | $87,360.00 | $87,360.00 | |
| Totals | $299,946.00 | $299,946.00 | |

[X]   Restitution amount ordered pursuant to plea agreement $299,946.00

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and
113A of Title 18 for offenses committed on or after September 13, 1994, but before April
23, 1996.

DEFENDANT:    ASHLEY, Paul Garrett
CASE NUMBER: 2:05-cr-190
Pg. 5


### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     [X]     Lump sum payment of <u>the special assessment of $400.00</u> is due immediately.

B     []      Payment to begin immediately (may be combined with C/D/F below); or

C     []      Payment in equal <u>weekly,monthly,quarterly</u> installments of <u>$</u> over a period of <u>months/years</u>, to commence <u>thirty (30)/sixty (60)</u> days after the date of this judgment; or

D     []      Payment in equal <u>weekly,monthly,quarterly</u> installments of <u>$</u> over a period of <u>months/years</u>, to commence <u>thirty (30)/sixty(60)</u> days after release from imprisonment to a term of supervision; or

E     [X]     Payment during the term of supervised release will commence within <u>thirty(30)</u> days after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F     []      Special instruction regarding the payment of criminal penalties:


        Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the United States District Court, Office of the Clerk, 85 Marconi Blvd., Room 260, Columbus, Ohio 43215.


        The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.